IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
<u>FLORENCE</u> DIVISION

| | |
|---|---|
| In re: Standing Order Governing Discovery | ) CR. NO.: 4:22-cr-429 <br> ) |

## **STANDING ORDER GOVERNING DISCOVERY**

**IT IS HEREBY ORDERED THAT**:

**GOVERNMENT'S AUTHORITY TO DISCLOSE
GRAND JURY MATERIALS**

1. Pursuant to Rule 16(a)(1)(B)(iii), Federal Rules of Criminal Procedure, upon a defendant's request, the United States must disclose to the defendant his or her recorded testimony before a grand jury relating to the charged offense(s). The United States is also authorized, pursuant to Rule 6(e)(3)(E)(i), to provide to defense counsel the grand jury testimony of potential witnesses and any other grand jury material, as deemed appropriate. The United States shall clearly identify all grand jury material as such *in writing*, and shall maintain a record of the matters so disclosed;

2. The United States is further authorized to disclose to potential government trial witnesses the transcripts of those witnesses' own testimony before the grand jury, as well as any grand jury material obtained from and/or relating to that witness; provided, however, that Government counsel may not release copies of such transcripts or other grand jury material into the custody of such witnesses or their counsel.

## DEFENSE OBLIGATIONS CONCERNING THE HANDLING OF DISCOVERY

3.     Defense counsel may disclose *the contents* of *all* discovery materials to his or her client and any person employed by or associated with counsel who is assisting in the defense. However, although counsel may allow the defendant to review the following materials in the presence of counsel or counsel's employees, defense counsel ***shall not provide to his or her client or any other person***, **copies of "Restricted Material," which includes:** 1) any Grand Jury material (including but not limited to grand jury transcripts); 2) *Giglio* material;[1] or 3) summaries of witness interviews, including but not limited to FBI 302s, DEA 6s, or similar summaries *without the express permission of the Government or further order of this court.*[2]  Under no circumstances are copies of these three categories of discovery materials to be released into the jails.

4.     Additional materials, such as those which raise security or privacy concerns, are also subject to the limitations of paragraph 3 prohibiting providing copies to the defendant or any other person **without the express permission of the Government or further order of this court**.  The Government shall label all such materials "**Restricted Access**" and they shall be disclosed on a separate disk along with the restricted materials

---

[1] Evidence or information tending to discredit or impeach a government witness, *e.g.* plea agreements and prior criminal records.

[2] "Further order of this court" or "the court" as used in this Order means the United States District Court Judge to whom this matter is assigned.

2

listed in paragraph three above. Copies of discovery materials not labeled "**Restricted Access**" may be provided to the defendant.

## MISCELLANEOUS PROVISIONS

5. The discovery materials disclosed pursuant to this Order are for use in the above-captioned case only. All counsel, their staff, any investigative personnel and the defendant are to make no other disclosures of the materials provided pursuant to this Order without further order of this court;

6. The United States is authorized pursuant to this Order to disclose materials subject to the Privacy Act.

7. Upon written request by the Government, defense counsel shall return all discovery materials to the United States Attorney's Office within 30 days of the final resolution of this case in the district court or, if a direct appeal is filed and counsel is appointed to represent the defendant on appeal, within 30 days of the issuance of the mandate on appeal. If defense counsel believes that retention of any discovery materials is necessary in order to defend a motion for relief under 28 U.S.C. § 2255, he/she may negotiate retention with counsel for the Government. If an agreement cannot be reached, defense counsel may seek the court's permission to retain the materials.

8. All counsel, their staff, any investigative personnel and the defendant are cautioned that failure to abide by the restrictions of this Order may be punished by the court's use of its contempt powers.

**IT IS SO ORDERED**.

                                      s/Kaymani D. West
                                      KAYMANI D. WEST
                                      UNITED STATES MAGISTRATE JUDGE

May 24, 2022
Florence, South Carolina